UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS AYALA,<br><br>              *Plaintiff,*<br><br>v.<br><br>SALLIE MAE, WELLS FARGO EDUCATION FINANCIAL SERVICES, DISCOVER STUDENT LOANS, EXPERIAN INFORMATION SERVICES LLC, EQUIFAX INFORMATION SERVICES, LLC, and TRANS UNION LLC,<br><br>              *Defendants.* | Case No. 7:21-cv-05322 (KMK)<br><br>**STIPULATED PROTECTIVE ORDER** |

       The parties below, having stipulated that a Protective Order should be entered pursuant to Federal Rule of Civil Procedure 26(c), to maintain the confidentiality of certain information and materials to be exchanged between the parties relating to personal financial information, trade secrets, confidential research, development, technology or other proprietary information belonging to any party, and it appearing to the Court that such a Protective Order is necessary and appropriate and that it will facilitate discovery, IT IS THEREFORE ORDERED that:

       1.    <u>Scope of Order.</u>  This Order shall govern the use, handling and disclosure of all documents, testimony, or information produced or given in this action which are designated to be subject to this Order as "Confidential" (collectively, "Confidential Materials") in accordance with the terms hereof.

       2.    <u>Designation of Confidential Information.</u>  Each party may identify discovery materials produced by it, including documents and things, answers to interrogatories, responses to requests for production, responses to requests for admission, and deposition exhibits and transcripts, as "Confidential" by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." To the extent that the party or person producing or disclosing discovery material (each "Producing

1

Party"), through counsel, believes discovery materials are confidential because the discovery of materials includes: confidential business or technical information; personal information, including personal financial and medical information; a party's policies and/or procedures; any confidential information obtained from third parties; information regarding any individual's banking relationship with any banking institution, including, without limitation, information regarding the individual's financial transactions or financial accounts; and any information, not otherwise available to the public, or any other category of information given confidential status by this Court after the date of this Order; it may designate those materials "Confidential" by stamping them as such. Alternatively, the parties may designate as Confidential Materials such documents or other discovery materials, without stamping, by notifying the other parties of the identity of the documents or discovery materials to be designated as Confidential Materials. Designations may be made at any time, including after the production of material in discovery. In no circumstances, however, may a party identify as "Confidential" any materials filed with or issued by any Court in any action in any jurisdiction, including but not limited to any document filed by any party with a Court, any decision issued by a Court, any transcript filed with the Court, or any transcript of any proceeding in that Court. Any materials that were filed or issued in the first instance under seal, may still be identified as "Confidential" in this litigation.

3. <u>Definition of Confidential Materials.</u> "Confidential Materials" shall be those items designated under Paragraphs 1 and 2 and any notes, work papers or other documents containing confidential information from such items.

4. <u>Certification of Confidentiality.</u> Affixing the legend "Confidential" to discovery materials produced by the party constitutes a certification by the party that it has read the discovery materials and that to the best of its knowledge, information and belief, formed after reasonable inquiry, the discovery materials is confidential under the express and implied meaning of the definition of "Confidential Materials" and is not interposed for any improper purpose such as to harass, or cause unnecessary delay and/or needless increase in the cost of litigation.

5. <u>Definition of Litigation.</u> As used herein "Litigation" shall mean the above captioned action.

6. <u>Limitations on Disclosure of "Confidential" Information.</u> Discovery materials designated "Confidential" shall be maintained in confidence by the party to whom such materials are produced or given, shall not be used for any business, commercial, competitive, personal or other purpose other than solely for the preparation and trial of this Litigation, and shall not be disclosed to any person except the following qualified recipients:

    a. The Court and its officers;

    b. Counsel of record, outside counsel, and employees of such counsel;

    c. In-house counsel;

    d. Each party, and its insurers, to this lawsuit;

    e. Outside consultants and experts retained by counsel or the parties to assist in this litigation, or witnesses or deponents in advance of and in preparation for testimony, provided that each such third party has been provided a copy of the Consent Protective Order and has signed a receipt in the form attached hereto as Exhibit A acknowledging the receipt of the Order and their agreement to be bound by this Order; and

    f. Deponents in depositions in this litigation or witnesses at any hearings or trial, provided any Confidential Materials (who shall be subject to the applicable provisions of this Order); and

    g. Any copy services, vendors or other service providers engaged by counsel or the parties to assist in this Litigation provided that each such third party has been provided a copy of the Consent Protective Order and has signed a receipt in the form attached hereto as Exhibit A acknowledging the receipt of the Order and their agreement to be bound by this Order.

Counsel for any party which discloses another party's Confidential Materials to a third party that is required to sign a receipt in the form attached hereto as Exhibit A prior to disclosure shall

maintain copies of all such receipts in counsel's case file. At the conclusion of this Litigation, counsel must provide copies of all such receipts to a disclosing party upon request.

7. <u>Disclosure from Third Party.</u> A third party or its counsel may also request permission to disclose documents designated "Confidential" to Qualified Recipients (as defined in ¶ 7), subject to the terms and conditions of this Consent Protective Order by signing the "Declaration of Compliance" (Exhibit A). The Third Party or its/his counsel must present such request to the Qualified Recipient(s) or its/his counsel and, at that time, shall identify each person to whom the Party or its/his counsel would make disclosure and the terms under which such disclosure would be made.

8. <u>Notice of Disclosure.</u> All persons, other than the Court, to whom Confidential Materials are provided shall be subject to this Order and bound by its terms and shall maintain such information in confidence, shall not use such information for any purpose other than the prosecution or defense of this litigation, and shall not disclose such information to any other person except in accordance with Paragraphs 7 and 8. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature and shall be required to have first read this Order before receiving any such documents.

9. <u>Limitation of Disclosure.</u> Confidential Materials, or copies, portions, summaries, or abstracts thereof, shall not be made public by the party to whom they are disclosed, unless such Confidential Materials or copies thereof, become a part of the public record of this litigation.

10. <u>Determination of Confidentiality.</u> This Protective Order shall not foreclose any party from moving this Court for an order finding that the discovery materials identified as Confidential Materials hereof are not properly protectable under Fed. R. Civ. P. 26(c). This Protective Order shall not shift the burden of proof on this motion from the party asserting that the material is protectable under Rule 26(c) in the event that one party disputes, in writing, a confidentiality designation by the other party. Pending the resolution of such a motion, the materials shall continue to be treated as Confidential Materials.

11. <u>Supplemental Orders.</u> This Protective Order shall not foreclose any party from moving the Court for an order relieving the party of the effect of the Order or from applying to the Court for further or additional protective orders. In addition, the parties may agree among themselves to modification of this Protective Order, subject to the approval of the Court.

12. <u>Return or Destruction of Confidential Materials.</u> Within sixty (60) days after the final termination of this Litigation, including any appeals, each counsel shall at the option of the disclosing party, either return all Confidential Materials in their possession, custody or control, and all copies, portions, summaries, or abstracts thereof to counsel for the disclosing party or certify to the disclosing party that all such materials have been destroyed. If the disclosing party fails to timely notify counsel that has received Confidential Materials of its elections, the Confidential Materials may be disposed of by any means consistent with this paragraph.

13. <u>Use of Confidential Materials at Depositions.</u> If counsel for any party believes that a question put to a witness being examined in pretrial deposition will disclose the content of Confidential Materials, or that the answer to any question or questions require such disclosure, or if documents to be used as exhibits during the examination contain such Confidential Materials, such counsel may so notify requesting counsel, and, in that event, the deposition shall be taken in the presence only of counsel, supporting personnel identified in Paragraph 7, parties to the litigation, the court reporter, video operator and their assistants and persons who have signed a receipt acknowledging the receipt of this Protective Order. If the designating party states its confidentiality designation on the record at the time of the deposition, thereafter any transcript prepared must contain the appropriate legend on each page. A designating party need not make a confidentiality objection to each question so long as it reasonably appears that the deposition will primarily consist of the disclosure of Confidential Materials.

14. <u>Designation of Transcripts of Depositions.</u> The substance and content of all depositions taken in this action, along with any deposition exhibits, that contain confidential information may be designated as "Confidential" and thereby obtain the protections accorded other confidential information under this Order. The designating party shall have 10 days from

5

the date that the deposition transcript becomes available to serve a notice to all parties designating the transcript or portions of the transcript to be designated as "Confidential." Until such time, all deposition testimony shall be treated as confidential pursuant to the protections of this Order. If a designating party fails to timely provide notice in accordance with the provisions of this paragraph, the confidential designation will be considered waived, unless otherwise agreed by the parties or ordered by the Court.

15. Use of Transcripts of Depositions. No copy of any transcript of any deposition taken by any party which is designed in whole or in part as containing Confidential Materials shall be prepared for or furnished by the reporter to any person other than to counsel for parties, and provided only to the persons identified in Paragraph 7.

16. No Modification of Privileges. Nothing in this Protective Order shall modify the law regarding the attorney-client privilege, the attorney work-product privilege, or trade secret or other confidential research, development, or commercial information.

17. Use of Confidential Materials in Discovery, Motions and Trial. Confidential Materials may be used in support of or in opposition to any motion, at any motion hearing, to prepare for and conduct discovery, and to prepare for trial, all subject to the provisions of this Protective Order, including but not limited to, Paragraph 20 below, or any further order regarding confidentiality as this Court may enter.

18. Documents Filed in Court. The provisions of this Consent Protective Order shall not preclude the filing of Confidential Materials in any affidavits, briefs, memorandum of law, or other papers, or at trial. A party filing Confidential Materials in any affidavit, brief, memorandum of law, or other paper with the Court shall seek to file such document under seal, according to the rules of the Court. However, nothing herein shall prohibit the Court or any party from determining or seeking a determination that such materials are not appropriately designated "Confidential" or should not remain under seal.

19. Inadvertent Disclosure of Confidential Information Generally. If at any time before the termination of this action a Producing Party realizes that it should have designated as

"Confidential" some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential pursuant to the terms of this Order. In addition, the Producing Party shall provide each other Party with replacement versions of such discovery material that bears the "Confidential" designation within five business days of providing such notice. Inadvertent disclosure of documents protected by the attorney-client privilege, work-product protection, or another applicable privilege will not by itself and for that reason alone, constitute a waiver of any available privilege or protection by the Producing Party.

20. <u>Inadvertent Disclosure of Confidential Information to Persons Not Authorized</u>. If a party or any of its representatives, including counsel, inadvertently discloses any information or documents designated as Confidential Materials pursuant to this Order to persons who are not authorized to use or possess such confidential information, the party shall provide timely written notice of the disclosure to the party whose confidential information was inadvertently disclosed and the receiving party, and describe the basis of the claim of privilege or protection. Similarly, in the event a party has actual knowledge that confidential information is being used or possessed by a person not authorized to use or possess confidential information or documents pursuant to this Order, regardless of how the confidential information was disclosed or obtained by such person, the party shall provide timely written notice of the unauthorized use or possession to the party whose confidential information is being used or possessed. If the Producing Party provides such notice and description, the privilege or protection is not waived. A party who discovers that it may have received an inadvertently disclosed or produced a document designated "Confidential" or must promptly notify the Producing Party.

21. <u>Notice of Court Subpoena or Order.</u> If another court or administrative agency subpoenas or orders production of information or documents designated Confidential Materials which a party has obtained under the terms of this Order, such party shall promptly notify the attorneys of record of the party or other person who designated the information or documents as

7

Confidential Materials of the pendency of such subpoena or order, and shall furnish those attorneys or record with a copy of said subpoena or order.

22. <u>Local, State and Federal Laws Regarding Confidential Information.</u> If a party produces documents or information that contain personal or confidential data and designates such documents or information as Confidential Materials in compliance with this Order, that production shall be deemed to be made pursuant to this Order.

23. <u>Material and Information Otherwise Obtained.</u> Nothing in this Order shall apply to documents, information, material, or any portion thereof obtained by any party by means other than produced by the other party in the discovery process in the above-captioned action and/or made public in the prosecution or defense of this litigation.

24. <u>Challenging Designation of "Confidential" Information</u>: In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis and in accordance with applicable local rules. If the dispute cannot be resolved, either party may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order. Nothing set forth herein shall change the parties' respective burdens under Federal Rule of Civil Procedure 26(c).

25. <u>No Waiver of Rights.</u> Nothing in this Protective Order shall be deemed a waiver of any of the parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or the trial of this litigation of any matter discovered. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

26. <u>Purpose.</u> This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the

8

designation of any information, document, or the like as "Confidential" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

27. <u>Effect on Scope of Discovery.</u> Nothing in this Protective Order shall in any way to limit or expand the permissible scope of discovery in this litigation.

28. At the conclusion of this Litigation, a designating party may request the return or destruction of its confidential materials produced in this Litigation, as well as copies of all receipts in the form attached hereto as Exhibit A.

AGREED:

DATED this 27th day of June, 2022.

TERRELL MARSHALL LAW GROUP PLLC
By: /s/ Adrienne D. McEntee. *Admitted Pro Hac Vice*
   Beth E. Terrell, *Admitted Pro Hac Vice*
   Email: bterrell@terrellmarshall.com
   Adrienne D. McEntee. *Admitted Pro Hac Vice*
   Email: amcentee@terrellmarshall.com
   936 North 34th Street, Suite 300
   Seattle, Washington 98103-8869
   Telephone: (206) 816-6603
   Facsimile: (206) 319-5450

DATED this 27th day of June, 2022.

SCHLANGER LAW GROUP LLP
By: /s/ Daniel A. Schlanger
   Daniel A. Schlanger
   Email: dschlanger@consumerprotection.net
   80 Broad Street, Suite 1301
   New York, New York 10016
   Telephone: (212) 500-6114
   Facsimile: (646) 612-7996

*Attorneys for Plaintiff*

DATED this 27th day of June, 2022.

JONES DAY - NEW YORK
By: /s/ Rachel C Karpoff
   Rachel C Karpoff
   Email: rkarpoff@jonesday.com
   250 Vesey Street
   New York, New York 10281
   Telephone: (212) 326-3939

*Attorneys for Defendant Experian Information Solutions, Inc.*

DATED this 27th day of June, 2022.

FAEGRE DRINKER BIDDLE & REATH LLP
By: /s/ Clay J. Pierce
   Clay J. Pierce
   Email: clay.pierce@faegredrinker.com
   Marsha Jessica Indych
   Email: marsha.indych@faegredrinker.com
   1177 Avenue of the Americas
   41st Floor
   New York, New York 10036
   Telephone: (212) 248-3186
   Telephone: (212) 248-3162

*Attorneys for Defendant Discover Student Loans*

**SO ORDERED**

_____
Hon. Kenneth M. Karas, U.S.D.J.

Dated: 6/27/22

# EXHIBIT A
## RECEIPT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on _____ [date] in the case of ***LUIS AYALA, on behalf of himself and all others similarly situated, v. SALLIE MAE, WELLS FARGO EDUCATION FINANCIAL SERVICES, DISCOVER STUDENT LOANS, EXPERIAN INFORMATION SERVICES LLC, EQUIFAX INFORMATION SERVICES, LLC, and TRANS UNION LLC; No. 7:21-cv-05322***. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____